IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,883-01




EX PARTE JAMES ALONSO GUEVARA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 983499-A IN THE 228TH DISTRICT COURT
FROM HARRIS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. He did not appeal his conviction. 
            Applicant alleges inter alia that counsel erroneously believed Applicant would plead guilty
to the charge and therefore failed to conduct a pre-trial investigation. Applicant alleges that because
counsel was unprepared he had no other choice but to fire counsel and represent himself. Applicant
alleges that his waiver of counsel was involuntary because the court denied his motion for a
continuance and informed him that he had to represent himself. Finally, Applicant alleges that he
was improperly deprived of his right to appeal because his appointed appellate counsel failed to file
a notice of appeal. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d) to resolve the fact issues. In the appropriate case, the trial court may rely on its personal
recollection. Id. The trial court shall order trial counsel to file an affidavit addressing the following:
(1) whether counsel erroneously believed that Applicant would plead guilty and thus failed to
conduct a pre-trial investigation; (2) whether counsel was adequately prepared to represent Applicant
at trial; and, (3) whether Applicant indicated to counsel that he understood the consequences of
waiving his right to counsel. The trial court shall order appellate counsel to file an affidavit
addressing the following: (1) whether Applicant indicated to counsel that he wanted to appeal his
conviction; and, (2) whether appellate counsel filed a notice of appeal. The trial court shall also
instruct the clerk to supplement the record with a transcription of the portion of the court reporter’s
notes wherein Applicant was given Faretta warnings. 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
             The trial court shall make findings of fact as to whether the trial court admonished Applicant
as to the dangers and disadvantages of self-representation as required by Faretta v. California, 422
U.S. 806 (1975). The trial court shall also make findings of fact and conclusions of law in regard
to Applicant’s claim that counsel was ineffective. Specifically, the trial court shall make findings
of facts as to whether counsel erroneously believed that Applicant would plead guilty and thus failed
to conduct a pre-trial investigation. The trial court shall also make findings of fact as to whether
counsel was adequately prepared to represent Applicant at trial. The trial court shall also make
findings of fact as to whether Applicant indicated to counsel that he understood the consequences
of waiving his right to counsel. The trial court shall also make findings of fact as to whether
Applicant indicated to appellate counsel that he wanted to appeal his conviction. The trial court shall
also make findings of fact as to whether appellate counsel filed a notice of appeal. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 25, 2009
Do not publish